The STATE of Ohio, Appellee,

v.

STEWART, Appellant.

[Cite as *State v. Stewart*, 188 Ohio App.3d 850, 2010-Ohio-3657.]

Court of Appeals of Ohio,
Second District, Clark County.

No. 2009 CA 36.

Decided Aug. 6, 2010.

Stephen A. Schumaker, Clark County Prosecuting Attorney, and Andrew R. Picek, Assistant Prosecuting Attorney, for appellee.

Brett Anthony Rinehart, for appellant.

WILLAMOWSKI, Judge.

{¶ 1} Defendant-appellant, James Stewart, brings this appeal from the judgment of the Court of Common Pleas of Clark County finding him guilty of assault, a first-degree misdemeanor. Stewart alleges that the trial court failed to properly and adequately advise him of the charges against him before accepting his waiver of counsel. For the reasons set forth below, the judgment is reversed.

{¶ 2} On September 20, 2008, Stewart and Carl Smith, the son of Stewart's live-in girlfriend who resided with them, began to argue. During the argument, Stewart struck Smith on the calf with his belt buckle. Stewart was originally charged with a misdemeanor domestic-violence offense. On October 20, 2008, the Clark County Grand Jury indicted Stewart on one count of assault by a caretaker against a functionally impaired person, in violation of R.C. 2903.13(C)(1), a fourth-degree felony. Stewart represented himself throughout these proceedings. The trial court arraigned Stewart on November 13, 2008. A bench trial was held on March 13, 2009. Following the trial, the trial court found Stewart guilty of the lesser included offense of assault, a misdemeanor of the first degree. The trial court, on March 20, 2009, ordered Stewart to serve 90 days in the Clark County Jail and to pay court costs. Stewart requested a stay of sentence pending appeal, but the request was denied. Stewart now appeals from his conviction and raises the following assignment of error.

{¶ 3} "The trial court erred and deprived [Stewart] of his right to counsel under the Sixth and Fourteenth Amendments of the United States Constitution and Section 10, Article 1 of the Ohio Constitution as the court failed to ensure that [Stewart] had made a voluntary, knowing, and intelligent waiver of his right to counsel, and a knowing and intelligent decision to represent himself at trial."

{¶ 4} Stewart's sole assignment of error is that the trial court failed to properly advise him before accepting his waiver of counsel. The Sixth Amendment to the United States Constitution guarantees that in all criminal prosecutions, the defendant has the right to have counsel assist him or her.

{¶ 5} "(A) Counsel in serious offenses. Where a defendant charged with a serious offense is unable to obtain counsel, counsel shall be assigned to represent him at every stage of the proceedings from his initial appearance before a court through appeal as of right, unless the defendant, after being fully advised of his right to assigned counsel, knowingly, intelligently, and voluntarily waives his right to counsel.

{¶ 6} " * * *

{¶ 7} "(C) Waiver of counsel. Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. In addition, in serious offense cases the waiver shall be in writing." Crim.R. 44.

{¶ 8} A serious offense includes any felony. Crim.R. 2(C). To be a valid waiver of the right to counsel, the "waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter." *State v. Martin,* 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227, ¶ 40.

{¶ 9} Here, the first indication that Stewart would like to represent himself occurred at arraignment. The following dialogue occurred.

{¶ 10} "Mr. Marshall: Mr. Stewart indicates that he hasn't been qualified for the PD's office, and he's not going to ask for a PD.

{¶ 11} "The Court: Are you going to represent yourself?

{¶ 12} "The Defendant: Yes, sir. First, I was charged with domestic violence and upon summons I appeared and waived my right to counsel at that time. Since then they dismissed that case because of this indictment, but I do plan on representing myself, Your Honor.

{¶ 13} "The Court: Have you received a copy of your indictment?

{¶ 14} "The Defendant: Yes, Monday when I showed up for summons.

{¶ 15} "The Court: Did you want the Court to read that to you?

{¶ 16} "The Defendant: No, sir. I will waive that.

{¶ 17} "The Court: Was there a bond set in this case?

{¶ 18} "(Clerk shakes head negatively.)

{¶ 19} "The Court: How do you want to plead, Mr. Stewart?

{¶ 20} "The Defendant: Not guilty.

{¶ 21} "The Court: I'll enter a not guilty plea on your behalf. Did you want to be heard on the issue of bond?"

{¶ 22} No further discussion concerning Stewart's self-representation occurred at the hearing. In addition, no written waiver of counsel was entered on the record even though Stewart was charged with a fourth-degree felony, a serious offense.

{¶ 23} Stewart continued to represent himself and the matter was not raised again until the morning of the bench trial. At the bench trial, the following discussion was had between Stewart and the trial court.

{¶ 24} "The Court: * * * I also wanted to go over some things with you because I understand that you do want to represent yourself in this case and I

know that you have been representing yourself up to this point. Is that still your intention today to represent yourself?

{¶ 25} "The Defendant: Yes, sir.

{¶ 26} "The Court: I just want to go over some rights with you just to make sure you're making that decision that that's an informed decision by you. So I will go over some things.

{¶ 27} "You do understand that you have the constitutional right pursuant to the United States Constitution and the Ohio Constitution to have an attorney represent you at all stages of the proceedings? You understand that?

{¶ 28} "The Defendant: Yes, sir.

{¶ 29} "The Court: And that if you were unable to afford an attorney, the Court would appoint an attorney to represent you at no cost. Do you understand that?

{¶ 30} "The Defendant: Yes, Your Honor.

{¶ 31} "The Court: And the case, this case, I don't know the facts of the case. I do know what the charge is. The charge is an assault.

{¶ 32} "It reads that on or about September 20, 2009 at Clark County, Ohio, that James Stewart did knowingly cause physical harm to another when the offender was a caretaker of the victim and the victim was a functionally impaired person under the care of the offender in violation of Section 2903.13(C)(1) of the Ohio Revised Code.

{¶ 33} "I know that you have plead not guilty to that offense, but I wanted you to be aware that that is, as charged, a felony of the fourth degree and the possible sentencing range, if you were convicted of this offense, could be anywhere from probation or what's now called community control up to a prison sentence of anywhere between six and eighteen months in the Ohio State Penitentiary.

{¶ 34} "Do you understand that those are – If you were convicted those are the possible consequences of the conviction?

{¶ 35} "The Defendant: Yes, Your Honor.

{¶ 36} "The Court: As far as possible defenses, as I said, I don't know the facts of the case; but the State would have to prove to the Court each and every element of the offenses beyond a reasonable doubt in order for you to be convicted. Do you understand that?

{¶ 37} "The Defendant: Yes, Your Honor.

{¶ 38} "The Court: Also, there are risks inherent with representing yourself. I'm assuming that you don't have a law degree or that you haven't tried cases in the past and you may not be aware of certain evidentiary rules and legal issues.

{¶ 39} "Although it's not really the Court's responsibility to educate you on that, I will try to facilitate the process with you the best I can. Has anyone made any promises to you to get you to waive your right to an attorney in this case?

{¶ 40} "The Defendant: No, Your Honor.

{¶ 41} "The Court: Has anyone threatened you to get you to waive your right?

{¶ 42} "The Defendant: No.

{¶ 43} "The Court: Are you waiving your right to an attorney voluntarily?

{¶ 44} "The Defendant: Yes, sir.

{¶ 45} "The Court: At this time I do find that you have knowingly, voluntarily, intelligently waived your right to an attorney, and I'll accept that waiver and allow you to proceed by representing yourself. You do have a right to represent yourself. I just wanted to make sure that you were making that decision fully aware of your rights and the possible consequences."

{¶ 46} The trial court then had Stewart sign a written waiver of his right to counsel. Although the trial court did attempt to properly warn Stewart of the dangers inherent in self-representation, it failed to adequately discuss the possible defenses and circumstances in mitigation of the offense charged as required by the Ohio Supreme Court in *Martin*. Additionally, the attempt by the trial court came too late. Stewart had been representing himself in all pretrial proceedings without any dialogue with the trial court concerning the dangers and without a written waiver as required by Crim.R. 44. This court notes that the state argues that any error was harmless because Stewart did a good job. Although Stewart did an admirable job in defending himself, the standard of review is not whether the defendant was lucky enough not to fail miserably. Instead, the Constitution of the United States, the Ohio Constitution, and the Ohio Criminal Rules all require that a defendant be informed of his right to counsel at the initial hearing and if that counsel is declined, it is declined only after the defendant has been adequately informed of the potential hazards of waiving the right to counsel. That warning did not occur in this case. Thus, the defendant was denied his constitutional right to counsel. The assignment of error is sustained.

{¶ 47} The judgment of the Court of Common Pleas of Clark County is reversed, and the matter is remanded for further proceedings.

Judgment reversed
and cause remanded.

FAIN and FROELICH, JJ., concur.

JOHN R. WILLAMOWSKI, J., of the Third District Court of Appeals, sitting by assignment.